UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRYAN EAGLES,<br><br>　　Petitioner,<br><br>　　v.<br><br>WILLIAM REUBART, *et al.*,<br><br>　　Respondents. | Case No. 3:20-cv-00514-LRH-CSD<br><br>**ORDER** |

　　This action is a petition for a writ of habeas corpus by Bryan Eagles, an individual incarcerated at Nevada's Ely State Prison. Eagles is represented by appointed counsel. Respondents have filed a motion to dismiss, and the parties have fully briefed that motion. The Court will deny Respondents' motion to dismiss and will set a schedule for Respondents to file an answer.

　　Eagles was convicted in 2016, following a jury trial in Nevada's Eighth Judicial District Court (Clark County), of conspiracy to commit robbery, robbery, battery with substantial bodily harm, and battery with intent to commit a crime. *See* Judgment of Conviction, Exh. 20 (ECF No. 17-20). He was sentenced, as a habitual criminal, to four consecutive sentences of life in prison without the possibility of parole. *See id*.

　　In its opinion on Eagles' appeal, the Nevada Supreme Court described the facts underlying the case as follows:

> 　　On November 8, 2015, Joseph McKinney was attacked from behind by three men outside the 5th Avenue Pub in Clark County, Nevada. After the attack, McKinney indicated to police he believed a man named "Bryan" was his attacker. The manager of the pub provided detectives with surveillance footage of the incident and, from that surveillance footage, the manager and a bartender identified appellant Bryan Eagles as one of McKinney's attackers and a common customer of the pub. The State of Nevada charged Eagles by way of information with three category B felonies (conspiracy to commit robbery, robbery, and battery with intent to commit a crime) and one category C felony (battery with substantial bodily harm). At trial, McKinney tentatively identified Eagles as one of the

1

> attackers through still photos of the surveillance footage. After the three-day jury trial in which Eagles was tried jointly with a co-defendant, the jury returned a verdict convicting Eagles of all four counts. The district court sentenced Eagles as a habitual criminal to four consecutive life sentences without the possibility of parole.

Order of Affirmance, Exh. 23, p. 1 (ECF No. 17-23, p. 2).

Eagles appealed. *See* Appellant's Opening Brief, Exh. 22 (ECF No. 17-22). The Nevada Supreme Court affirmed on January 24, 2018. *See* Order of Affirmance, Exh. 23 (ECF No. 17-23).

On July 30, 2018, Eagles filed a pro se petition for writ of habeas corpus in the state district court. Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 25 (ECF No. 17-25). The court appointed counsel for Eagles (*see* Order Appointing Counsel, Exh. 27 (ECF No. 17-27)), and, with counsel, Eagles filed a supplemental petition. *See* Supplemental Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 28 (ECF No. 17-28). The court denied Eagles' petition in a written order filed on March 21, 2019. *See* Findings of Fact and Conclusions of Law, Exh. 29 (ECF No. 17-29). Eagles appealed. *See* Appellant's Opening Brief, Exh. 31 (ECF No. 17-31). The Nevada Supreme Court affirmed the denial of Eagles' petition on June 24, 2020. *See* Order of Affirmance, Exh. 32 (ECF No. 17-32).

This Court received Eagles' pro se petition for writ of habeas corpus (ECF No. 5), initiating this action, on September 9, 2020. The Court granted Eagles' motion for appointment of counsel and appointed counsel to represent him. *See* Order entered September 17, 2020 (ECF No. 4). With counsel, Eagles filed a first amended petition for writ of habeas corpus on April 14, 2021 (ECF No. 16). Eagles' first amended petition—his operative petition—asserts the following claims for relief:

> Ground 1: Eagles' trial counsel was ineffective, in violation of Eagles' federal constitutional rights.
>
> > A. "Trial counsel failed to investigate Eagles's background for sentencing."
> >
> > B. "Trial counsel failed to investigate and join co-defendant Gyro."

> C. "Trial counsel failed to negotiate with the State to obtain a separate offer for Eagles that was not contingent on Kie's decision to accept a plea."
>
> D. "Trial counsel failed to advise Eagles to plead guilty to the charges rather than go to trial without an articulable defense and face a trial penalty upon conviction."
>
> E. "Trial counsel failed to contest the consolidation of Eagles' and Kie's cases."

Ground 2: "The trial court's participation in the plea negotiation" violated Eagles' federal constitutional rights.

Ground 3: "The trial court's participation at trial" violated his federal constitutional rights.

First Amended Petition for Writ of Habeas Corpus (ECF No. 16).

Respondents filed their motion to dismiss on September 13, 2021 (ECF No. 25), contending that Grounds 1A, 1B, 1C and 1D of Eagles' amended habeas petition are unexhausted in state court. Eagles filed an opposition to the motion to dismiss (ECF No. 34), and Respondents filed a reply (ECF No. 41).

A federal court may not grant habeas corpus relief on a claim not exhausted in state court. 28 U.S.C. § 2254(b). The exhaustion requirement is based on the policy of federal-state comity, and is intended to allow state courts the initial opportunity to correct constitutional violations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). To exhaust a claim, a petitioner must fairly present the claim to the highest available state court and must give that court the opportunity to address and resolve it. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam); *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). A claim is fairly presented to the state court if, before that court, the petitioner describes the operative facts and legal theory upon which the claim is based. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard*, 404 U.S. at 275; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982). The parties agree—and the record reflects—that Eagles has not exhausted in state court the claims designated as Grounds 1A, 1B, 1C and 1D of his amended habeas petition.

It appears, further, that Eagles' unexhausted claims would now be procedurally barred in state court. In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme

Court held that a state prisoner who fails to comply with the state's procedural requirements in presenting claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman*, 501 U.S. at 731–32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Eagles' claims, now procedurally barred in state court, are subject to application of the procedural default doctrine in this case. *See Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). Where a state-court procedural bar constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the question of prejudice, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), citing *United States v. Frady*, 456 U.S. 152, 170 (1982). In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court ruled that ineffective assistance of post-conviction counsel may serve as cause to overcome the procedural default of a claim of ineffective assistance of trial counsel. *See Martinez*, 566 U.S. at 9.

Because it is possible that Eagles may be able to overcome the procedural default of the claims in Grounds 1A, 1B, 1C and 1D, under *Martinez*, by a showing of ineffective assistance of counsel in his state habeas action, and because this issue is intertwined with the merits of his claims, the Court determines that this issue will be best addressed after Respondents file an answer, and Eagles files a reply. The Court will, therefore, deny the motion to dismiss, without prejudice to Respondents asserting their procedural default defense to Grounds 1A, 1B, 1C and 1D in their answer, along with their briefing of the merits of Eagles' claims.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 25) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents will have 90 days from the date of this order to file an answer. In all other respects the schedule for further proceedings set forth in the order entered October 19, 2020 (ECF No. 8) will remain in effect.

DATED THIS 10 day of May, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE