UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRYAN EAGLES,<br><br>    Petitioner,<br><br>v.<br><br>WILLIAM GITTERE, *et al.*,<br><br>    Respondents. | Case No. 3:20-cv-00514-LRH-CSD<br><br>**ORDER** |

**I.      Summary**

On August 16, 2022, the petitioner in this habeas corpus action, Bryan Eagles, represented by appointed counsel, filed a motion for stay, requesting that the case be stayed while he exhausts claims in state court (ECF No. 45). Determining that the claims Eagles wished to present in state court appeared to be procedurally barred, with no way for Eagles to overcome the procedural bars, the Court denied the motion for stay on September 6, 2022 (ECF No. 48). *See* Order entered September 6, 2022 (ECF No. 48).

On March 15, 2023, Eagles filed a motion for reconsideration (ECF No. 58), requesting reconsideration of the order denying his motion for stay. Eagles now shows that the circumstances have changed: the state district court has granted Eagles an evidentiary hearing. As it now appears that Eagles may be able to overcome the procedural bars of his claims in state court, and/or that he may be able to develop new evidence related to his claims, the Court will grant the motion for reconsideration, and will stay this case pending the conclusion of the state habeas action.

**II.     Background**

Eagles was convicted in 2016, following a jury trial in Nevada's Eighth Judicial District Court (Clark County), of conspiracy to commit robbery, robbery, battery with substantial bodily harm, and battery with intent to commit a crime. *See* Judgment of

1

Conviction, Exh. 20 (ECF No. 17-20). He was sentenced, as a habitual criminal, to four consecutive sentences of life in prison without the possibility of parole. *See id*.

In its opinion on Eagles' appeal, the Nevada Supreme Court described the facts underlying the case as follows:

> On November 8, 2015, Joseph McKinney was attacked from behind by three men outside the 5th Avenue Pub in Clark County, Nevada. After the attack, McKinney indicated to police he believed a man named "Bryan" was his attacker. The manager of the pub provided detectives with surveillance footage of the incident and, from that surveillance footage, the manager and a bartender identified appellant Bryan Eagles as one of McKinney's attackers and a common customer of the pub. The State of Nevada charged Eagles by way of information with three category B felonies (conspiracy to commit robbery, robbery, and battery with intent to commit a crime) and one category C felony (battery with substantial bodily harm). At trial, McKinney tentatively identified Eagles as one of the attackers through still photos of the surveillance footage. After the three-day jury trial in which Eagles was tried jointly with a co-defendant, the jury returned a verdict convicting Eagles of all four counts. The district court sentenced Eagles as a habitual criminal to four consecutive life sentences without the possibility of parole.

Order of Affirmance, Exh. 23, p. 1 (ECF No. 17-23, p. 2).

Eagles appealed. *See* Appellant's Opening Brief, Exh. 22 (ECF No. 17-22). The Nevada Supreme Court affirmed on January 24, 2018. *See* Order of Affirmance, Exh. 23 (ECF No. 17-23).

On July 30, 2018, Eagles filed a *pro se* petition for writ of habeas corpus in the state district court. Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 25 (ECF No. 17-25). The court appointed counsel for Eagles (*see* Order Appointing Counsel, Exh. 27 (ECF No. 17-27)), and, with counsel, Eagles filed a supplemental petition. *See* Supplemental Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 28 (ECF No. 17-28). The court denied Eagles' petition in a written order filed on March 21, 2019. *See* Findings of Fact and Conclusions of Law, Exh. 29 (ECF No. 17-29). Eagles appealed. *See* Appellant's Opening Brief, Exh. 31 (ECF No. 17-31). The Nevada Supreme Court affirmed the denial of Eagles' petition on June 24, 2020. *See* Order of Affirmance, Exh. 32 (ECF No. 17-32).

This Court received Eagles' *pro se* petition for writ of habeas corpus (ECF No. 5), initiating this action, on September 9, 2020. The Court granted Eagles' motion for appointment of counsel and appointed counsel to represent him. *See* Order entered September 17, 2020 (ECF No. 4). With counsel, Eagles filed a first amended petition for writ of habeas corpus on April 14, 2021 (ECF No. 16). Eagles' first amended petition—his operative petition—asserts the following claims for relief:

> Ground 1: Eagles' trial counsel was ineffective, in violation of Eagles' federal constitutional rights.
>
>> A. "Trial counsel failed to investigate Eagles's background for sentencing."
>>
>> B. "Trial counsel failed to investigate and join co-defendant Gyro."
>>
>> C. "Trial counsel failed to negotiate with the State to obtain a separate offer for Eagles that was not contingent on Kie's decision to accept a plea."
>>
>> D. "Trial counsel failed to advise Eagles to plead guilty to the charges rather than go to trial without an articulable defense and face a trial penalty upon conviction."
>>
>> E. "Trial counsel failed to contest the consolidation of Eagles' and Kie's cases."
>
> Ground 2: "The trial court's participation in the plea negotiation" violated Eagles' federal constitutional rights.
>
> Ground 3: "The trial court's participation at trial" violated his federal constitutional rights.

First Amended Petition for Writ of Habeas Corpus (ECF No. 16).

Respondents filed a motion to dismiss on September 13, 2021 (ECF No. 25), contending that Grounds 1A, 1B, 1C and 1D of Eagles' amended habeas petition are unexhausted in state court. On May 10, 2022, the Court denied the motion to dismiss, without prejudice to Respondents asserting their procedural default defense to Grounds 1A, 1B, 1C and 1D in their answer, along with their briefing of the merits of Eagles' claims. *See id*.

On August 16, 2022, Eagles filed his motion for stay (ECF No. 45), requesting that this case be stayed while he returns to state court to exhaust the claims of

ineffective assistance of counsel in Grounds 1A, 1B, 1C and 1D. Following briefing of the motion (ECF Nos. 46, 47), the Court denied the motion on September 6, 2022. *See* Order entered September 6, 2022 (ECF No. 48).

Then, on March 15, 2023, Eagles filed the motion for reconsideration now before the Court (ECF No. 58). Respondents filed a response to the motion for reconsideration on March 28, 2023 (ECF No. 60), opposing reconsideration of the order denying Eagles' motion for stay. Eagles filed a reply on April 4, 2023 (ECF No. 61).

**III.    Discussion**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); Local Rule (LR) 59-1. A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" by presenting "facts or law of a strongly convincing nature." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Here, a significant change in circumstances warrants reconsideration of the order denying Eagles' motion for stay.

A federal court may not grant relief on a habeas corpus claim not exhausted in state court. 28 U.S.C. § 2254(b). The Supreme Court has recognized that under certain circumstances it may be appropriate for a federal court to anticipate a state-law procedural bar of an unexhausted claim, and to treat such a claim as subject to the procedural default doctrine. "An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court." *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)).

Regarding the effect of a procedural default, in *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held that a state prisoner who fails to comply with state-law procedural requirements in presenting his claims in state court is barred by the

adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman*, 501 U.S. at 731–32 ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Turning to the legal standard governing a motion for an exhaustion stay, a district court is authorized to stay a habeas action in "limited circumstances" while a petitioner presents unexhausted claims to the state court. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005). Under *Rhines*, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278). Ineffective assistance of postconviction counsel or a lack of postconviction counsel can constitute good cause under *Rhines*. See *Blake v. Baker*, 745 F.3d 977, 982–83 (9th Cir. 2014); *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'" *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005)). Courts must also be "mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Id*. (citing *Rhines*, 544 U.S. at 276–77).

In response to Eagles' motion for stay, Respondents contended that a stay is inappropriate because a new state habeas petition asserting the claims in Grounds 1A, 1B, 1C and 1D would be procedurally barred. *See* Opposition to Motion for Stay (ECF No. 46). Respondents contended that Eagles' return to state court to file an untimely and successive state habeas petition would be futile. *See id.* In essence, Respondents contended that the claims in Grounds 1A, 1B, 1C and 1D are not unexhausted, but, rather, are technically exhausted but subject to application of the procedural default doctrine. *See id*. Indeed, in his amended habeas petition, Eagles represented that his claims in Grounds 1A, 1B and 1D are technically exhausted and procedurally defaulted. *See* First Amended Petition for Writ of Habeas Corpus (ECF No. 16), pp. 6–13. Regarding Ground 1C, Eagles stated in his amended petition: "This claim was raised in Eagles's *pro se* state postconviction petition but abandoned by appointed counsel and never decided upon by the state court." *Id*. at 9. Then, in response to Respondents' motion to dismiss, Eagles conceded that the claims in Grounds 1A, 1B, 1C and 1D are unexhausted but procedurally defaulted. *See* Opposition to Motion to Dismiss (ECF No. 34), p. 2. Eagles stated: "Eagles cannot overcome the default in the Nevada state courts because, unlike in federal courts, post-conviction counsel's ineffectiveness or not having a post-conviction attorney does not provide cause to overcome a defaulted ground of trial counsel's ineffectiveness." *Id*. at 2–3 (citing *Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014)). In his motion for stay, Eagles made no argument that he could overcome the state-law procedural bars of the claims in Grounds 1A, 1B, 1C and 1D under current Nevada law. Based on the record and the representations of the parties, then, the Court denied Eagles' motion for stay. The Court stated:

> It is undisputed that those claims [Grounds 1A, 1B, 1C and 1D] are procedurally barred in state court, and Eagles makes no argument that he can overcome the procedural bars under current Nevada law. Therefore, the Court finds that the claims in Grounds 1A, 1B, 1C and 1D are technically exhausted but subject to application of the procedural default doctrine. Under these circumstances, granting Eagles' request for a *Rhines* stay would be contrary to the Supreme Court's instructions that exhaustion stays should be granted in only limited circumstances and that the Court is to be mindful of AEDPA's aims of encouraging the finality of

6

sentences and encouraging petitioners to exhaust their claims in state court before filing in federal court.

Order entered September 6, 2022 (ECF No. 48), p. 9.

The circumstances have changed, however. Eagles initiated a second state habeas action on August 16, 2022 (the same day he filed his motion for stay). *See* Petition for Writ of Habeas Corpus (Post-Conviction), Exh. 90 (ECF No. 59-1). On February 15, 2023, the state district court granted Eagles an evidentiary hearing. *See* Court Minutes, Exh. 94 (ECF No. 59-5). The evidentiary hearing is currently scheduled for July 13, 2023. *See* Notice of Rescheduling of Hearing, Exh. 95 (ECF No. 59-6).

Notwithstanding Eagles' earlier position—that his claims in Grounds 1A, 1B, 1C and 1D are procedurally barred in state court and that he has no way of overcoming the procedural bars—the state court's grant of an evidentiary hearing now raises a possibility that Eagles might in fact be able to overcome the procedural bars and/or that he might be able to develop new evidence in state court related to his claims. Under these new circumstances, the Court finds that a stay is warranted. It now appears possible that the proceedings in Eagles' ongoing state habeas action will have a substantive impact on his claims in this federal habeas action, and that, therefore, further proceedings in this case should be stayed until the state habeas action is completed. Therefore, in the interests of judicial economy, federal-state comity, and justice, the Court will reconsider the order denying Eagles' motion for stay and will stay this action pending the conclusion of Eagles' state habeas action.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Reconsider September 6, 2022, Order (ECF No. 58) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Stay (ECF No. 45) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is stayed. The stay will remain in effect pending the conclusion of Petitioner's state habeas action.

///

///

**IT IS FURTHER ORDERED** that following the conclusion of Petitioner's state habeas action, Petitioner must, within 30 days, make a motion to lift the stay of this action.

**IT IS FURTHER ORDERED** that this action will be subject to dismissal, upon a motion by Respondents, if Petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed by this order.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to administratively close this case.

DATED THIS 6th day of April, 2023.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE