UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN EAGLES,<br><br>                Petitioner,<br><br>    v.<br><br>JEREMY BEAN, *et al.*,<br><br>                Respondents. | Case No. 3:20-cv-00514-MMD-CSD<br><br>ORDER |

This habeas corpus action was stayed on April 6, 2023 to allow Petitioner Bryan Eagles, who is represented by appointed counsel, to complete his second state court habeas action before proceeding with this case. (ECF No. 62.) On April 15, 2025, Eagles filed a motion to lift the stay, in which his counsel states that the state court action has concluded. (ECF No. 65.) Eagles' counsel represents that Respondents do not oppose the motion, and, indeed, Respondents did not respond to it. The Court will grant the motion to lift the stay, will lift the stay, and will set a schedule for further proceedings. The Court further addresses two other pending motions.

First, Eagles filed a motion for leave to file a second amended petition for writ of habeas corpus. (ECF No. 66 ("Motion")[1].) Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with leave of court, and "[t]he court should freely give leave when justice so requires." Courts are to apply the "policy of favoring amendments … with

---

[1] Eagles' proposed second amended petition is attached to the Motion. (ECF No. 66-1.) Respondents filed an opposition to the Motion (ECF No. 70), and Eagles filed a reply (ECF No. 71).

'extreme liberality.'" *United States v. Webb*, 655 F. 2d 977, 979 (9th Cir. 1981) (citing *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam)). In deciding whether to grant leave to amend a pleading, a court may consider factors such as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995)).

Respondents argue that "allowing Eagles to amend his petition would be an exercise in futility" because "[t]o the extent Eagles presented the proposed claims to the Nevada appellate courts, such have been deemed procedurally barred." (ECF No. 70 at 3 (citing Exhibit 1 to their opposition to the Motion (ECF No. 70-1), which is the Nevada Court of Appeals' Order of Affirmance, affirming the denial of relief in Eagles' second state habeas action).) However, in his proposed second amended petition, Eagles asserts the same claims he asserted in his first amended petition. (*Compare* ECF No. 66-1 *with* ECF No. 16.) In their answer to Eagles' first amended petition, filed before the case was stayed, Respondents took the position that certain claims were procedurally defaulted (*see* ECF No. 54 at 6-15), but the procedural default issue was not resolved before the case was stayed. Eagles' claims are no more futile as asserted in his second amended petition than they were as asserted in his first amended petition. And amendment of Eagles' petition is warranted so that Eagles can include information regarding the further procedural history and treatment of his claims in his second state habeas action. The issue of procedural default of Eagles' claims may be raised by Respondents and will be better addressed in either a motion to dismiss the second amended petition or an answer to the second amended petition. The Court will grant Eagles' motion for leave to amend.

Second, Eagles filed a motion for leave to file an exhibit—Exhibit 96—under seal. (ECF No. 68.) Eagles' Exhibit 96 (Exhibit 67, filed under seal) is the report of a psychological examination. Respondents did not respond to the motion for leave to file

the exhibit under seal. While there is a strong presumption in favor of public access to judicial filings, and while courts prefer that the public retain access to them, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a court may seal its records if a party demonstrates "compelling reasons" to do so. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). "Compelling reasons" exist where the records could be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). The Court finds that there are compelling reasons to file Exhibit 96 under seal, and the Court will grant Eagles' motion for leave to do so.

It is therefore ordered that Petitioner's Motion to Reopen (ECF No. 65) is granted. The stay of this action is lifted. The Clerk of the Court is directed to reopen the case.

It is further ordered that Petitioner's Motion for Leave to File Second Amended Petition (ECF No. 66) is granted. The Clerk of the Court is directed to separately file Petitioner's Second Amended Petition for Writ of Habeas Corpus (ECF No. 66-1).

It is further ordered that Respondents will have 60 days from the entry of this order to file an answer or other response to Petitioner's Second Amended Petition for Writ of Habeas Corpus. In all other respects, the schedule for further proceedings set forth in the order entered October 19, 2020 (ECF No. 8) remains in effect.

It is further ordered that Petitioner's Motion for Leave to File Exhibit Under Seal (ECF No. 68) is granted. As the document in question has already been filed under seal (ECF No. 67), no further action is required in this regard.

It is further ordered that, under Federal Rule of Civil Procedure 25(d), Jeremy Bean is substituted for William Gittere, as the respondent warden. The Clerk of the Court is directed to update the docket to reflect this change.

DATED THIS 13th Day of May 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE