UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| BRYAN EAGLES,<br><br>                                    Petitioner,<br><br>  v.<br><br><br>JEREMY BEAN, *et al.*,<br><br>                                 Respondents. | Case No. 3:20-cv-00514-MMD-CSD<br><br>ORDER |

I.    **SUMMARY**

Petitioner Bryan Eagles filed a counseled Second Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 73 ("SAP").) Before the Court is Respondents' Motion to Dismiss Grounds 1(A)-(D) and 2 of the SAP as untimely, procedurally barred, and/or not cognizable. (ECF No. 79 ("Motion")[1].) For the reasons stated below, the Court denies the Motion.

II.    **BACKGROUND**

In 2016, a Nevada jury convicted Eagles of conspiracy to commit robbery, robbery, battery with substantial bodily harm, and battery with intent to commit a crime. (ECF No. 17-20.) Eagles was sentenced as a habitual offender to four consecutive terms of life without the possibility of parole (*Id.* at 3.) On January 24, 2018, the Nevada Supreme Court affirmed Eagles's convictions and summarized the facts underlying the offenses:

> On November 8, 2015, Joseph McKinney was attacked from behind by three men outside the 5th Avenue Pub in Clark County, Nevada. After the attack, McKinney indicated to police he believed a man named "Bryan" was his attacker. The manager of the pub provided detectives with surveillance footage of the incident and, from that surveillance footage, the manager and a bartender identified appellant Bryan Eagles as one of

[1]Eagles filed an Opposition to the Motion, and Respondents filed a Reply in support of the Motion. (ECF Nos. 83, 84.)

> McKinney's attackers and a common customer of the pub . . . At trial, McKinney tentatively identified Eagles as one of the attackers through still photos of the surveillance footage.

*Eagles v. State*, 410 P.3d 981, *1 (2018); (ECF No. 17-23 at 2.)

Eagles filed an initial *pro se* petition for a writ of habeas corpus in the state district court. (ECF No. 17-25.) Appointed counsel filed a supplemental petition, and relief was denied. (ECF Nos. 17-27, 17-28, 17-29.) Eagles appealed and the Nevada Supreme Court affirmed the denial of the petition. (ECF No. 17-32.)

Eagles filed his initial *pro se* federal habeas petition in this Court. (ECF No. 5 ("Initial Petition").) The Court appointed counsel (ECF No. 8) and counsel filed a First Amended Petition. (ECF No. 16 ("FAP").) Respondents filed a motion to dismiss the claims of ineffective assistance of trial counsel alleged in Grounds 1(A)-(D) of the FAP as unexhausted. (ECF No. 25 at 3-6.) On May 10, 2022, this Court denied the motion to dismiss because it appeared the claims would be procedurally barred in state court, it was possible Eagles could overcome the procedural default of the claims under *Martinez v. Ryan*, 566 U.S. 1 (2012), and the procedural default issues were best addressed after the parties submitted briefs on the merits of the petition. (ECF No. 42 at 3-5.) Three days later, the Supreme Court decided *Shinn v. Ramirez*, 596 U.S. 366, 382 (2022), which held, unless a petitioner meets the requisites of 28 U.S.C. § 2254(e)(2), a federal habeas court may not hold an evidentiary hearing—or otherwise consider new evidence—to assess cause and prejudice under *Martinez*.

On August 16, 2022, Eagles filed a second state petition raising Grounds 1(A)-(D). (ECF No. 59-1.) That same day, Eagles moved this Court for a stay of the federal habeas proceeding while he presented to the state court those claims and new evidence beyond the existing state court record. (ECF No. 45.) The Court denied the motion for stay, finding that returning to state court was futile given the claims were undisputedly procedurally barred under Nevada law. (ECF No. 48 at 8-9.)

2

After Respondents filed an Answer to the FAP, Eagles moved for reconsideration of the order denying his request for a stay because the state district court granted Eagles an evidentiary hearing on his claims in the second state petition. (ECF No. 58.) This Court granted the motion for reconsideration and stayed this action pending the conclusion of Eagles's second state habeas petition. (ECF No. 62.)

The state district court denied Ground 1(A) on the merits (after determining Eagles demonstrated good cause to overcome the procedural bars) and denied Grounds 1(B)-(D) as procedurally barred. (ECF No. 78-22 at 8-12.) The Nevada Court of Appeals upheld the state district court's determinations, and specified that the second state petition was untimely, successive, and constituted an abuse of the writ. *See Eagles v. State*, 564 P.3d 464 (Nev. App. 2025); (ECF No. 78-39 at 3-6). The Nevada Court of Appeals also held Eagles failed to establish good cause and prejudice to overcome the procedural default and had not asserted he was actually innocent such that a fundamental miscarriage of justice would result were his claims not heard on the merits. *Id.*

In April of 2025, the Court granted Eagles' motion to reopen this action and Eagles filed a counseled SAP. (ECF Nos. 65, 72, 73.) Respondents filed a Motion to Dismiss Grounds 1(A)-(D) and 2 of the SAP as untimely, procedurally barred, and/or not cognizable. (ECF No. 79.) Eagles filed an Opposition to the Motion and Respondents submitted a Reply in support of their Motion. (ECF Nos. 83, 84.)

III.    **DISCUSSION**

A.      **Relation Back**

Respondents contend Ground 1(C) must be dismissed as untimely because it does not relate back to a timely petition. (ECF Nos. 79 at 6-10, 84 at 2-3.) A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading on the basis that the claim arises out of

3

"the same conduct, transaction, or occurrence" as a claim in the timely pleading. Fed. R. Civ. P. 15(c)(1)(B); *see Mayle v. Felix*, 545 U.S. 644, 650 (2005) ("An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."). In *Mayle*, the Supreme Court held that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.* at 664. "[H]ence relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659. A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. *Id.* at 659 n.5.

Respondents and Eagles agree that both the Initial Petition and FAP were timely as they were filed before expiration of the limitation period for filing a federal habeas petition on May 15, 2021. (ECF Nos. 5, 16, 79 at 8, 83 at 2, 84 at 3.) The timely petitions alleged trial counsel was ineffective for failing to obtain a separate plea offer for Eagles, explaining that the State made plea offers to Eagles and co-defendant Kie, conditioned on both Eagles and Kie accepting the offers presented to each of them. (ECF Nos. 5 at 5, 16 at 12.) But Kie refused the offer, preventing Eagles from consummating a plea bargain. (*Id.*)

Ground 1(C) of the SAP alleges trial counsel provided ineffective assistance in violation of the Sixth Amendment by failing to negotiate a separate plea offer for Eagles that was not contingent on co-defendant Kie's decision to accept a plea. (ECF No. 73 at 12-15.) Eagles alleges counsel "failed to request a mistrial when the State violated Eagles' due process right by attaching Eagles'[s] fate with his codefendant." (*Id.*) He also alleges trial counsel was ineffective for "failing to sever the package plea offer based on prosecutorial misconduct" because a trial court can dismiss charges or declare a mistrial if the prosecutor's misconduct prejudiced the defendant's due process rights. (*Id.*)

4

Respondents argue the allegations of prosecutorial misconduct contained in Ground 1(C) are not based on a common core of facts that Eagles presented in either his Initial Petition or his FAP, and they request the Court "dismiss the part of the claim alleging prosecutorial misconduct." (ECF No. 84 at 3.) Eagles counters that he "doesn't argue prosecutorial misconduct," rather, he offers "another argument why trial counsel was ineffective." (ECF No. 83 at 4.)

The Court concludes Ground 1(C) raises no stand-alone prosecutorial-misconduct claim. Instead, Ground 1(C) alleges trial counsel was ineffective based on three theories: by (1) failing to negotiate with the State to obtain a separate offer for Eagles that was not contingent on co-defendant Kie's decision to accept a plea; (2) failing to move to sever the package plea offer on the grounds that it constituted prosecutorial misconduct; and (3) failing to move to dismiss the charges or declare a mistrial because the package plea offer was inherently unfair. Each of those theories of ineffective assistance of trial counsel are tied to a "common core of operative facts," and arise out of "the same conduct, transaction or occurrence" as the original claims because they concern the prosecutor's requiring, as a condition precedent to its plea offer to Eagles, that Eagles's codefendant accept the plea offer that was presented to him. Therefore, the claims relate back to the timely petitions. *See* Fed. R. Civ. P. 15(c)(1)(B); *Mayle*, 545 U.S. at 664. The Motion to dismiss Ground 1(C) as untimely is denied.

## B.    Cognizability

Respondents allege Ground 2 does not raise a cognizable federal habeas claim. (ECF No. 79 at 11.) The AEDPA "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a); *see, e.g., Burkey v.*

5

*Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993) ("Thus, a habeas corpus petition must allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim."). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (reiterating that "federal habeas corpus relief does not lie for errors of state law," and federal courts may not reexamine state court decisions on state law issues). A petitioner may not "[t]ransform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

Ground 2 of the SAP alleges the trial court's participation in the plea negotiation violated Eagles's rights to Due Process and a Fair Trial under the Fifth, Sixth, and Fourteenth Amendments. (ECF No. 73 at 19-23.) The SAP alleges Eagles's right to an impartial and disinterested tribunal was violated when the trial judge unlawfully participated in plea negotiations, including an off-the-record plea discussion while knowing it was unlawful to do so, attempting to convince Kie to take the plea offer, which instead resulted in Kie choosing a jury trial thereby preventing Eagles from accepting the plea agreement offered to him and forcing him to have a jury trial, and the judge's opinion that they should have accepted the plea offers led to a harsher sentence for Eagles because he had a jury trial. (*Id.*) Respondents argue that state court involvement in plea negotiations is governed by state law, and although Eagles does not exclusively argue state law, the claim rests on an interpretation of state law. (ECF No. 84 at 6.) Eagles argues the claim in Ground 2 is cognizable as it was raised as a federal claim on state direct appeal. (ECF No. 83 at 5.)

During Eagles's state direct appeal, Eagles argued the trial court committed procedural errors throughout trial that rendered the trial unfair and violated his

6

constitutional right to Due Process. *See Eagles v. State*, 410 P.3d 981, *1 (2018); (ECF No. 17-23 at 3). He cited, among other cases, *Marshall v. Jerrico, Inc.*, 446 U.S. 238 (1980) and *In re Murchison*, 349 U.S. 133 (1955). (ECF No. 17-22 at 15.) One of the errors alleged was that the trial court coercively and inappropriately participated in plea negotiations in violation of *Cripps v. State,* 137 P.3d 1187 (2006). (*Id.* at 16.)

The Court finds Ground 2 is cognizable because it alleges the deprivation of the right to an impartial tribunal in violation of Due Process and the right to a fair trial. *See*, *e.g.*, *Duckett v. Godinez*, 67 F.3d 734, 740 (9th Cir. 1995) (explaining that when reviewing a habeas claim of judicial misconduct that denied defendant a fair trial, "we must ask whether the state trial judge's behavior rendered the trial so fundamentally unfair as to violate federal due process under the United States Constitution."). Although Eagles has narrowed the evidence in support of his claim that he was deprived of an impartial tribunal to the alleged evidence that the trial court unlawfully participated in plea negotiations, this does not render the claim a state-law claim. The Court holds the claim in Ground 2 is cognizable in federal habeas corpus because the focal point of the claim is that it alleges a deprivation of the right to an impartial tribunal in violation of the federal constitutional rights to Due Process and a fair trial. The Motion to dismiss Ground 2 is therefore denied.

### C.    Procedural Default

Respondents move to dismiss Eagles's claims of ineffective assistance of trial counsel, alleged in Grounds 1(A)-(D) of the SAP, as procedurally defaulted. (ECF No. 79 at 10.) Eagles agrees that the claims are procedurally defaulted and argues the default can be excused under *Martinez*. (ECF No. 83 at 4); *see Martinez*, 566 U.S. at 17 ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."). In

reply, Respondents argue Eagles cannot show cause and prejudice to overcome the defaults, but like Eagles, they concede the Court may wish to defer ruling whether the claims are procedurally defaulted until the parties have submitted their briefs on the merits. (ECF Nos. 83 at 4; 84 at 3-6.)

The Court concludes that, because the analysis of prejudice under *Martinez* is necessarily intertwined with the merits of the claims, the Court defers consideration whether Eagles can overcome the procedural default of his claims of ineffective assistance of counsel in Grounds 1(A)-(D) until after the parties have submitted the remainder of their briefs on the merits of the claims in the SAP.

## IV.    CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 79) is denied.

It is further ordered that the Court defers its determination whether Eagles can establish cause and prejudice to overcome the procedural default of Grounds 1(A)-(D) until the time of its merits decision. Therefore, the Court denies the Motion to Dismiss as to Grounds 1(A)-(D) without prejudice to Respondents asserting procedural defenses in their Answer.

It is further ordered that Respondents file their Answer to the remaining grounds in the Second-Amended Petition within 60 days of the date of this Order. Petitioner will then have 45 days to file his Reply. Respondents will thereafter have 30 days following filing of a Reply to file a response to the Reply. *See* ECF No. 8.

DATED THIS 21st Day of April, 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

8